UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | Civil Action Nos. |
| **IN RE TRUSTEES OF BOSTON** | ) | 12-11935-PBS |
| **UNIVERSITY PATENT CASES**[1] | ) | 12-11938-PBS |
|  | ) | 12-12326-PBS |
|  | ) | 12-12330-PBS |
|  | ) | 13-10659-PBS |
|  | ) | 13-11097-PBS |
|  | ) | 13-11105-PBS |
|  | ) | 13-11575-PBS |
|  | ) | 13-11831-PBS |
|  | ) | 13-11832-PBS |
| _____ | ) | 13-11963-PBS |

SCHEDULING ORDER

October 3, 2013

Boal, M.J.

This Scheduling Order[2] is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

---

[1] These cases are captioned as follows: Trustees of Boston University v. Everlight Electronics Co., Ltd., et al., No. 12-11935; Trustees of Boston University v. Seoul Semiconductor Co., Ltd., et al., No. 12-11938; Trustees of Boston University v. Epistar Corporation, No. 12-12326; Trustees of Boston University v. Lite-On, Inc., et al., No. 12-12330; Trustees of Boston University v. Samsung Electronics Co., Ltd., et al., No. 13-10659; Trustees of Boston University v. Amazon.com, Inc., No. 13-11097; Trustees of Boston University v. Arrow Electronics, Inc., et al., No. 13-11105; Trustees of Boston University v. Apple, Inc., No. 13-11575; Trustees of Boston University v. LG Innotek USA, Inc., et al., No. 13-11831; Trustees of Boston University v. Hewlett-Packard Company, No. 13-11832; and Trustees of Boston University v. Vyrian, Inc., No. 13-11963. For ease of reference, cites to docket numbers shall be to the Everlight Electronics Co. case, No. 12-11935.

[2] On September 9, 2013, the District Court referred these cases to the undersigned for full pretrial case management, including dispositive motions. Docket No. 149.

1

## Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F) and 16.6,[3] it is hereby ORDERED that:

1.  **Preliminary Disclosures**

    a.  **Rule 26(a) Disclosures:** In accordance with the schedule set by Chief Judge Saris (Docket No. 137 at 44), the parties should have served the disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **September 6, 2013.**

    b.  **Preliminary Infringement Disclosure**: To the extent it has not already done so, no later than **October 8, 2013**, Boston University shall serve and file preliminary disclosure of the claims infringed.  Boston University shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims.  Boston University shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents. If Boston University has not already done so, it shall produce all documents supporting its contentions and/or identify any such supporting documents produced by Defendants.  Such disclosures may be amended or supplemented up to 45 days before the date of the Markman Hearing.  After that time, such disclosures may be amended or supplemented only by leave of court, for good cause shown.

    c.  **Preliminary Invalidity and Non-Infringement Disclosures**: No later than **October 23, 2013**, Defendants shall serve and file Preliminary Invalidity and Non-Infringement Contentions.[4]  Defendants shall identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry.  If applicable, the Defendants shall also specify any other grounds for invalidity, such as indefiniteness, enablement, or written description.  If the Defendants have not already done so, Defendants shall produce documents relevant to the invalidity defenses and/or identify any such supporting documents

---

[3] This order is based in part on the parties' global joint statement (Docket No. 142) and the transcript of the August 7, 2013 status conference before Chief Judge Saris (Docket No. 137). During that conference, Chief Judge Saris made several rulings pertinent to this scheduling order.  The parties have proceeded to operate in accordance with those rulings.  Accordingly, the Court sets forth some of the scheduling dates nunc pro tunc.

[4] Each defendant may submit its own invalidity contentions consistent with the Local Rules.

produced by Boston University. Further, if the Defendants have not already done so, they shall produce documents sufficient to show operation of the accused product(s) or method(s) that Boston University identified in its preliminary infringement disclosures. Such disclosures may be amended or supplemented up to 45 days before the date of the <u>Markman</u> Hearing. After that time, such disclosures may be amended or supplemented only by leave of court, for good cause shown, except that, if Boston University amends or supplements its preliminary infringement disclosures, the Defendants may likewise amend or supplement its disclosures within 30 days of service of the amended or supplemented infringement disclosures.

2. **Amendments to Pleadings:** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **February 28, 2014**.

3. **Claim Construction Proceedings**

   a. Claims construction has been consolidated in the above-captioned cases. With regard to briefing and arguing the identified claims construction issues, Defendants collectively shall file a single set of briefs and Plaintiff will file its single set of briefs.

   b. No later than **November 4, 2013**, the parties shall simultaneously exchange a list of claim terms to be construed, proposed constructions, and intrinsic evidence in support, as well as whether each party intends to rely on expert affidavit or live testimony and, if so, the name and curriculum vitae or resume of any expert. The parties shall meet and confer by **November 11, 2013**, and endeavor in good faith to arrive at joint constructions where possible and to narrow the terms in dispute where any joint construction is not possible.

   c. No later than **November 26, 2013**,[5] the parties shall simultaneously exchange and file preliminary claim construction briefs. Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of court, preliminary claim construction briefs shall be limited to 25 pages.

   d. No later than **December 20, 2013**, the parties shall simultaneously exchange and file reply briefs. Absent leave of court, reply briefs shall be limited to 15 pages.

---

[5] Although the date of November 25, 2013 was discussed at the August 7, 2013 status conference, the parties have agreed to change this date to November 26, 2013. The District Court indicated that it would be acceptable to agree to move this date. <u>See</u> Docket No. 137 at 21.

3

  **e.** No later than **January 6, 2014**, the parties shall finalize the list of disputed terms for the court to construe. The parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.

    **i.** The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witness, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

    **ii**. The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

    **iii**. The joint statement shall limit the number of claims to be construed to 10 terms per patent and shall prioritize the disputed terms in order of importance.

    **iv**. The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term and supporting evidence.

  **f.** **Technical Tutorial.** No later than **January 6, 2014**, the parties shall submit their respective proposed tutorial videos, prepared to aid the Court in understanding the underlying technology and associated issues.

**4.** **The Claim Construction Hearing (a.k.a "Markman" Hearing):** The Court has scheduled a hearing for **January 30-31, 2014**.

**5.** **Fact Discovery.**

  **a.** All written fact discovery must be served by **March 31, 2014**.

  **b.** All discovery, other than expert discovery, must be completed by **June 23, 2014**.

  **c.** Discovery on issues related to damages or from non-manufacturing defendants shall not commence until after the Court issues a ruling on claim construction. Within fourteen days of such ruling, the parties shall meet and confer to discuss a proposed schedule for discovery from non-manufacturing defendants and to determine whether bifurcation of damages issues is appropriate. The parties shall file a proposed schedule one week thereafter.

  **d.** Each party will be subject to no more than one set of master interrogatories consisting of no more than 25 interrogatories. The parties should confer in

      order to develop a master set of interrogatories directed at each other party. Thereafter, each individual party shall be allowed to serve no more than 10 individual interrogatories on any other party.

  **e.** Each party will be subject to one set of 25 master requests for production of documents.  The parties should confer in order to develop a master set of requests for production of documents directed at each other party. Thereafter, each individual party shall be allowed to serve one additional set of case-specific requests for production of documents on any other party.

  **f.** Except for requests for admissions seeking authentication of documents, the parties shall be limited to 25 requests for admission per side per underlying case.

  **g.** With regard to common issues, each side shall be limited to 10 depositions. The total number of depositions per side per underlying case shall be limited to 10, including Rule 30(b)(6) depositions, but not including expert depositions.

  **h.** Absent the parties' agreement or leave of court, depositions on common issues shall be limited to 10 hours each and case-specific depositions shall be limited to 7 hours each.

**6.** **Expert discovery**.

  **a.** The party with the burden of proof on an issue must designate experts on that issue and serve expert reports pursuant to Fed. R. Civ. P. 26(a)(2) **no later than 45 days after the Court issues its claims construction ruling or the close of fact discovery, whichever is later**.

  **b.** Rebuttal or responsive experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed **no later than 45 days after the party with the burden of proof on any issue identifies its experts and serves expert reports on that issue.**

  **c.** Experts must be deposed **within 30 days after service of rebuttal expert reports.**

  **d.** **Within 14 days of the service of rebuttal expert reports** (after the parties have exchanged expert reports of infringement and non-infringement), the parties shall meet and confer as to the appropriateness of identifying a set of representative LEDs from the list of LEDs accused of infringement by plaintiff, at least for purposes of dispositive motion practice.  If the parties cannot reach such an agreement, then any party may file briefing with the Court providing a proposal on this issue, and any party opposing such proposal may file a responsive brief within 7

>        days.

7. **Dispositive Motions.**  All dispositive motions shall be filed **no later than 60 days after service of rebuttal expert reports**.  All oppositions to such motions shall be filed **on or before 30 days after the filing and service of any such dispositive motion**.  Reply briefs shall be filed **on or before 21 days after the filing and service of any opposition to such a dispositive motion**.  To the extent practicable, the defendants shall endeavor to file one collective dispositive motion on all common issues.

8. **Status Conferences.** Status conferences shall be held on the following dates:

   **October 22, 2013;**
   **November 19, 2013; and**
   **December 16, 2013.**

   All conferences shall be held at **2:00 p.m. in Courtroom 17 in the 5th floor before Magistrate Judge Jennifer C. Boal.**  The parties shall file a joint status report 7 days before each conference identifying any issues to be discussed at the conference.

9. **Coordinating Counsel.**  To the extent not already done, Defendants shall identify one or two coordinating counsel, who shall bear the responsibility for coordinating scheduling-related communications between Defendants and Plaintiff and the Court, on or before **October 9, 2013**.

10. **Stipulations.**  The parties may submit a stipulation regarding issues such as electronic service, discovery of electronically stored information and the like.  The Court will decide disputes regarding native files and/or production of source code on a case-by-case basis.

11. **Mediation.**  If at any time the parties are jointly interested in a referral to mediation through the District Court's Alternative Dispute Resolution Program, they shall contact Chief Judge Saris's Deputy Clerk for a referral.

Procedural Provisions

1. **Additional Conferences**.  The Court has scheduled status conferences for case management purposes.  Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled.  Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

2. **Early Resolution of Issues**.  The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case.  Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

3. **Modification of Scheduling Order**.  Pursuant to LR 16.1(G), the Scheduling Order, having been established with the participation of all parties, can be modified only by court order, and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record.

  /s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE